UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

VIOLET LIM,

    Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,

    Defendant

Case No.:

**COMPLAINT AND JURY DEMAND**

## COMPLAINT

Plaintiff, VIOLET LIM ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"), alleging as follows:

### I. INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. The TCPA was legislated to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization,

they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## II.   JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

5. The violations described in this Complaint occurred in Missouri.

## III.  PARTIES

6. Plaintiff is a natural person residing in Saint Louis County, in the city of Saint Louis, Missouri and is otherwise *sui juris*.

7. Defendant is a nationally chartered bank, doing business in the state of

Illinois, with its principal place of business located in McLean, Virginia. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### IV.   FACTUAL ALLEGATIONS

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (618) XXX-6539.

12. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 955-6600.

13. Upon information and belief, based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system or an artificial or prerecorded voice.

14. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

15. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about December 27, 2018, Plaintiff spoke with a representative of Defendant's company at phone number (800) 955-6600 , and told Defendant to stop calling her cellular telephone.

19. During the December 27, 2018 conversation, Plaintiff gave Defendant her full social security number and birthdate, in order to assist Defendant in identifying her and accessing her accounts before asking Defendant to stop calling her cellular telephone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone

dialing system or an artificial or prerecorded voice in her conversation with Defendant's representative on December 27, 2018.

21. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone after December 27, 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system or an artificial or prerecorded voice, Defendant continued to place at least One hundred and twenty-one (121) telephone calls via the use of an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone.

23. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, VIOLET LIM, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred and twenty-one (121)  for a total of sixty thousand five hundred dollars ($60,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, VIOLET LIM, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundered and twenty one (121)  for a total of one hundred and eighty one thousand five hundred dollars ($181,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                        Respectfully submitted,

Dated: August 8, 2019        */s/ Adam T. Hill*
                                   Adam T. Hill
                                   The Law Offices of Jeffrey Lohman, P.C.
                                   4740 Green River Rd., Suite 310
                                   Corona, CA 92880
                                   T: (657) 236-3525
                                   F: (312) 210-7047
                                   E: adamh@jlohman.com
                                   Attorneys for Plaintiff, VIOLET LIM